MEMORANDUM *
Carol Dela Torre appeals the district court’s order denying her motion for leave to amend her complaint.
Dela Torre filed a § 1983 action against the County of Fresno and a number of officials. The action arose out of a search of her house on January 29, 2002. On January 1, 2003—after Dela Torre had filed her claim but before the one-year statute of limitations on the claim had run—the California legislature changed the statute of limitations to two years. After the expiration of the one-year period but before the expiration of the two-year period, Dela Torre sought to amend the complaint to add new claims against new officials. The magistrate judge denied the motion, holding that the two-year statute of limitations did not apply so the claims were time-barred. We agreed to hear this interlocutory appeal, and reverse.
Finding no state authority, the magistrate judge relied on Abreu v. Ramirez,[1] a decision of the Central District of Califor *900 nía. That decision holds that the controlling limitations period is the one “in effect at the time a claim accrues.”[2] After the magistrate decided this case, however, the California Court of Appeals expressly rejected Abreu in Andonagui v. May Department Stores.[3] Instead, the Andonagui court held that state Supreme Court precedent required that “a new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect.”[4] Dela Torre still had 28 days left on her original one-year limitations period when the new statute went into effect. Thus, the magistrate judge abused his discretion in denying the motion to amend, even though his reliance on Abreu was reasonable at the time.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Abreu v. Ramirez, 284 F.Supp.2d 1250, 1256 (C.D.Cal.2003).

. Id.

. See Andonagui v. May Department Stores, 128 Cal.App.4th 435, 441, 27 Cal.Rptr.3d 145 (Cal.Ct.App.2005).

. Id. (emphasis added).